# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICARDO GATES, : | |
|     Petitioner : | Civ. No. 1:02-cv-2262 |
| v. : | |
| : | (Chief Judge Kane) |
| THOMAS LAVAN, et al., : | |
|     Respondents : | |

## MEMORANDUM ORDER

Pending before the Court is Petitioner Ricardo Gates' "Motion for Equitable Relief Under the Catch-all Provision of Federal Rule of Civil Procedure 60(b)(6)." (Doc. No. 18.) For the following reasons, the motion will be denied.

## I.  Background

On January 14, 1994, following a jury trial in the Dauphin County Court of Common Pleas, Petitioner was convicted of murder. Petitioner appealed his judgment of sentence to the Pennsylvania Superior Court, which affirmed his conviction on August 12, 1994. On November 8, 2000, Petitioner filed his first Post Conviction Relief Act ("PCRA") petition with the trial court. The trial court denied the Petition on April 9, 2001, as untimely. Petitioner appealed the dismissal of the PCRA petition to the Pennsylvania Superior Court, which affirmed the denial. Petitioner filed a Petition for Allowance of Appeal regarding the denial of his PCRA petition with the Pennsylvania Supreme Court, which entered an order on August 13, 2002, denying it.

On December 13, 2002, Petitioner filed his petition for a writ of habeas corpus based on ineffective assistance of counsel. (Doc. No. 1.) On January 7, 2003, Magistrate Judge Thomas Blewitt entered a report and recommendation which recommended that the habeas petition be dismissed. Specifically, Judge Blewitt found that Petitioner's claims were procedurally

1

defaulted and that Petitioner had not demonstrated cause, prejudice, or actual innocence to excuse the default. As a result, Judge Blewitt concluded that Petitioner was precluded from pursuing any of his federal habeas corpus claims. In addition, Judge Blewitt found that the petition was untimely under 28 U.S.C. § 2244(d)(1)(A).

On January 14, 2003, Petitioner motioned for an extension of time to file objections to the report and recommendation. (Doc. No. 4.) This Court granted an extension until February 21, 2003. (Doc. No. 5.) On March 11, 2003, having received no objections, the Court adopted the report and recommendation that the case be dismissed as barred by the state procedural default and as untimely under § 2244(d)(1)(A). (Doc. No. 6.) On March 19, 2003, Petitioner filed a notice of appeal as to the Court's order dismissing the case. (Doc. No. 7.) This Court granted a certificate of appealability on the issue of whether Petitioner could establish cause and prejudice to excuse his procedural default. (Doc. No. 11.) On October 21, 2004, the Third Circuit Court of Appeals dismissed Petitioner's appeal for lack of jurisdiction based on its holding that the § 2244 statute of limitations had run before the petition was filed. (Doc. No. 14.) On May 9, 2005, the Supreme Court entered an order denying a petition for writ of certiorari.

On May 10, 2007, the Third Circuit entered an order denying Petitioner's application to file a second or successive habeas corpus petition. (Doc. No. 17.) On June 25, 2010, Petitioner filed the present motion which is now pending before the Court. (Doc. No. 18.)

**II.     Discussion**

Rule 60(b)(6) states that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment . . . for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

It is well-settled that "the remedy provided by [R]ule 60(b)(6) is 'extraordinary, and special circumstances must justify granting relief under it.'" Green v. White, 319 F.3d 560, 563 n.1 (3d Cir. 2003) (quoting Page v. Schweiker, 786 F.2d 150, 158 (3rd Cir. 1986)); see also Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (stating that extraordinary circumstances "will rarely occur in the habeas context"); Agostini v. Felton, 521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6) . . . ."). Motions filed pursuant to Rule 60(b) are "directed to the discretion of the trial court, and its exercise of that discretion will not be disturbed unless there [is] clear error and abuse of discretion." SEC v. Warren, 583 F.2d 115, 120 (3d Cir. 1978).

All motions filed pursuant to Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c). Therefore, in addition to establishing extraordinary circumstances to justify the relief provided by Rule 60(b)(6), a Petitioner who has been dilatory in filing must also establish extraordinary circumstances to allow for the motion to be heard:

> What constitutes a "reasonable time" depends on the circumstances of each case. Delzona Corp. v. Sacks, 265 F.2d 157, 159 (3d Cir. 1959). A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties. Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610 (7th Cir. 1986); Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981). What constitutes a "reasonable time" also depends on which Rule 60(b) clause a claimant is trying to avail. We have noted that relief under Rule 60(b)(6) is extraordinary because it can be given for "any other reason justifying relief" and is not subject to an explicit time limit. Coltec Indus. Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002). Therefore, a claimant must establish exceptional circumstances justifying the delay for filing under Rule 60(b)(6).

In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig., No. 09-3818, 2010 WL 2254956, at *3 (3d Cir. June 7, 2010).

Petitioner's Rule 60(b)(6) motion challenges this Court's order adopting the report and recommendation to dismiss his original habeas petition. Petitioner contends that he is entitled to relief under Rule 60(b)(6) because "the district court abused its discretion by applying an [sic] standard to petitioner['s] case contrary to federal law by affording the state court decision deference when their decision should have received no deference . . . ." (Doc. No. 18 at 2.) Liberally construing Petitioner's *pro se* motion, Petitioner contends that the Court abused its discretion when it failed to (1) excuse Petitioner for his procedural default in state court based on ineffective assistance of counsel, and (2) find that the ineffective assistance of counsel equitably tolled the limitations period for filing a habeas petition.[1]

Petitioner's arguments all address the merits of Petitioner's earlier habeas petition, but they do not address the five-year period that elapsed from this Court's denial of the habeas petition to the present. Petitioner has failed to put forward any argument justifying his failure to bring this Rule 60(b)(6) motion within a "reasonable time." Therefore, the motion for relief under Rule 60(b) must be denied. See Sorbo v. United Parcel Serv., 432 F.3d 1169, 1178 (10th Cir. 2005) (affirming district court's holding that a 60(b) motion made within a year of summary judgment proceedings was not "made within a reasonable time," because plaintiff had not given "sufficient justification for the delay"); see also In re Diet Drugs, 2010 WL 2254956, at *3 (citing Sorbo).

Even if the motion was timely, the Court would find that Petitioner's arguments for allowing a Rule 60(b)(6) motion are without merit. Ordinarily, "'[l]egal error does not by itself

---

[1] Because Petitioner challenges procedural aspects of his habeas petition, his Rule 60(b) motion is appropriately before the Court and will not be dismissed as a second or successive habeas petition. See Gonzalez, 545 U.S. at 533-34.

4

warrant the application of Rule 60(b). . . . Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6).'" Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 173 (3d Cir. 2004) (quoting Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d, 908, 912 (3d Cir. 1977)). In this case, Petitioner had the opportunity on appeal to challenge the finding that his habeas petition should be dismissed as untimely. The Third Circuit directly rejected Petitioner's argument for equitable tolling and dismissed the appeal for lack of jurisdiction. (Doc. No. 14-3 at 5.) Relief under Rule 60(b)(6) should only be made available if a petitioner presents circumstances that overcome the "overriding interest in the finality and repose of judgments." Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987) (citations and internal quotation marks omitted). Petitioner has failed to put forward such an extraordinary set of circumstances and therefore his motion would be properly denied on the merits.

**ACCORDINGLY**, on this 9th day of August 2010, and upon consideration of Petitioner Ricardo Gates' "Motion for Equitable Relief under the Catch-all Provision of Federal Rule of Civil Procedure 60(b)(6)," (Doc. No. 18), it is **HEREBY ORDERED THAT** the motion is **DENIED**. Petitioner's motion to proceed in forma pauperis is deemed moot. The above-captioned case shall remain closed.

S/ Yvette Kane  
Yvette Kane, Chief Judge  
United States District Court  
Middle District of Pennsylvania